UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **ANTHONY RODRIGUEZ**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**KAYE HOMES, INC.**, a Florida corporation,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 2:25-cv-872<br><br>Judge:<br><br>Mag. Judge: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **ANTHONY RODRIGUEZ** ("RODRIGUEZ"), by and through undersigned counsel, and state the following for his Complaint:

## CAUSES OF ACTION

1. This is an action brought under the federal Fair Labor Standards Act ("FLSA") and Florida common law for (1) unpaid minimum wages, (2) breach of contract, and (3) unjust enrichment.

## PARTIES

2. The Plaintiff, **ANTHONY RODRIGUEZ** ("RODRIGUEZ" or "Plaintiff") is an individual and a resident of Florida who at all material times resided in Collier County, Florida and who worked for the Defendant in Collier County, Florida. At all material times, **RODRIGUEZ** was entitled to be paid the

1

prevailing minimum wage for all hours worked. **RODRIGUEZ** began the flow of interstate commerce by, *inter alia*, using interstate wires to procure and transfer goods, in addition to processing interstate payments on residential home sales (many of which were to out-of-state buyers). **RODRIGUEZ** performed work in Collier County, Florida, which is within the Middle District of Florida, during the events giving rise to this case. **RODRIGUEZ** was an employee within the contemplation of 29 U.S.C. 203(e)(1). Thus, pursuant to 28 U.S.C. 1391(b), venue for this action lies in the Middle District of Florida.

3. The Defendant, **KAYE HOMES, INC.** ("**KAYE HOMES**" or "Defendant") is a Florida corporation and has a principal place of business located in Collier County, Florida. **KAYE HOMES** has gross annual income in excess of $500,000.00 per year and is engaged in interstate commerce; it is a covered employer under the FLSA (29 U.S.C. §203(d), (r) and (s)). **KAYE HOMES**'s employees are engaged in interstate commerce, and their business model specifically involves interstate purchases and sending/receiving goods and funds from out-of-state sources. **KAYE HOMES** collects monies, much of which is from out-of-state financial institutions. **KAYE HOMES** has the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like Plaintiff. **KAYE HOMES** supervised and controlled Plaintiff's work schedules and conditions of employment, in addition to determining the rate and method of

payment for Plaintiff. **KAYE HOMES** maintains employment records of Plaintiff. **KAYE HOMES** was the employer of Plaintiff.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act (FLSA") 29 U.S.C. §§216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA. This Court has supplemental jurisdiction of the state law claims under 29 U.S.C. §1367.

5. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.04 since the action accrued in Collier County, which is within the Fort Myers Division.

## GENERAL ALLEGATIONS

6. **RODRIGUEZ** began his employment with the Defendant on or about July 12, 2024, and was its Director of Strategic Partnerships.

7. Upon beginning his employment, **RODRIGUEZ** and the Defendant agreed to that he would be paid a salary of $3,000 per month and a commission of 2% of the gross sales he completed.

8.  **RODRIGUEZ** agreed to those terms and that payment structure was not modified by the parties.

9.  Nevertheless, beginning approximately in December 2024, the Defendant failed to pay the monthly salary and commissions due to **RODRIGUEZ**, and failed to pay him any wages at all for a period of 5-months despite the fact **RODRIGUEZ** worked on a full-time basis during that time. As a result, the Defendant owes **RODRIGUEZ** at least $60,000 in salary and at least $100,000 in unpaid commissions despite the contract between the parties requiring the same.

10. Under the FLSA, the Defendant should have at least paid **RODRIGUEZ** at a minimum wage rate of $7.25/hour, meaning that based on just 40-hours per week during those 20-weeks that **RODRIGUEZ** worked without any pay, he should have been paid a minimum wage of at least $5,800.00.

11. The Defendant has refused to pay **RODRIGUEZ** the minimum wage he is lawfully entitled to, and he is owed at least $5,800.00 in minimum wages (exclusive of liquidated damages).

12. The Defendant has violated the FLSA by failing to pay minimum wages to **RODRIGUEZ** and has violated Florida common law by failing to pay **RODRIGUEZ** his full wages.

**COUNT I: VIOLATION OF THE FLSA- UNPAID MINIMUM WAGES**

13. The Plaintiff hereby incorporates Paragraphs 1-12 in this Count as though fully set forth herein.

14. Plaintiff was a covered employee under the FLSA at all times during his employment with the Defendant.

15. The Defendant was required by the FLSA to pay Plaintiff at least minimum wage for all hours worked.

16. The Defendant had operational control over all aspects of Plaintiff's day-to-day functions during his employment, including compensation.

17. The Defendant was Plaintiff's employer and is liable for violations of the FLSA in this case.

18. The Defendant violated the FLSA by failing to pay Plaintiff at least minimum wage for all hours worked.

19. The Defendant has willfully violated the FLSA in refusing to pay Plaintiff's proper minimum wage for all hours worked.

20. As a result of the foregoing, Plaintiff has suffered damages of lost wages.

21. The Defendant is the proximate cause of Plaintiff's damages.

**WHEREFORE,** the Plaintiff prays that this Honorable Court enter a judgment in his favor and against the Defendant for an amount consistent with evidence, together with liquidated damages, the costs of litigation, interest, and reasonable attorneys' fees.

## COUNT II – BREACH OF CONTRACT – UNPAID WAGES

22. The Plaintiff realleges and incorporates Paragraphs 1-9 and 12 in this Count by reference.

23. A contract existed between the Plaintiff and the Defendant.

24. Both the Plaintiff and the Defendant agreed to those terms, which were clear and unambiguous.

25. The Plaintiff fully and satisfactorily performed his duties under the contract.

26. The Defendant has breached the contract by refusing to pay the Plaintiff the full amount of the sums due under the terms of the contract.

27. The Plaintiff has been damaged as a result of the Defendant's breach of the contract.

28. This Count is timely brought, and all conditions precedent have occurred or been waived.

**WHEREFORE**, the Plaintiff respectfully demands that this Honorable Court enter judgment in favor of Plaintiff and against Defendant in the amount consistent with the evidence, together with the costs of this litigation, interest, reasonable attorney's fees, and all other relief as this Court deems proper.

## COUNT III – UNJUST ENRICHMENT

29. The Plaintiff realleges and incorporates Paragraphs 1-6, 9 and 12 in this Count by reference.

30. This count is brought in the alternative.

31. The Plaintiff conferred benefits upon the Defendant.

32. The Defendant voluntarily accepted and retained those benefits.

33. As of that date, the Defendant failed to pay the Plaintiff for the value of his services.

34. Thus, the circumstances are such that it would be inequitable for the Defendant to retain the value of the Plaintiff' services without paying the value thereof.

35. This Count is timely brought, and all conditions precedent have occurred or been waived.

**WHEREFORE**, Plaintiff respectfully demands that this Honorable Court enter its judgment in favor of Plaintiff and against Defendant in the amount consistent with the evidence, together with the costs of this litigation, interest, reasonable attorney's fees, and all other relief as this Court deems proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: October 1, 2025      **/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff

Yormak Employment & Disability Law
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com

8